UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-61645-AHS

**GARY BRECKA**, an individual,

          Plaintiff,

v.

**THE INDIVIDUALS, ENTITIES,** and
**UNINCORPORATED ASSOCIATIONS**
**D/B/A GOT HYDRO WATER BOTTLE**,

          Defendants.
_____/

## PLAINTIFF'S MOTION FOR CONTEMPT

Plaintiff Gary Brecka ("Brecka" or "Plaintiff"), through undersigned counsel and pursuant to this Court's inherent authority, hereby moves for contempt against Defendants, the Individuals, Entities, and Unincorporated Associations d/b/a "Got Hydro Water Bottle" (hereinafter "Defendants"). Plaintiff states in support, as follows:

1. On September 5, 2024, Plaintiff filed a verified complaint against Defendants, asserting claims for: (1) unfair competition and false endorsement under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); (2) violation of Florida statutory right of publicity, under section 540.08, Florida Statutes; (3) common law invasion of privacy; and (4) common law unfair competition (the "Verified Complaint"). (DE [1]).

2. Plaintiff then moved for a temporary restraining order ("TRO") and preliminary injunction (the "Motion"). (DE [5]).

3. This Court granted the TRO and set a hearing for the preliminary injunction on October 8, 2024. (DE [9]). Plaintiff duly effected service of the Verified Complaint, TRO, and Motion on Defendants. (DE [10]).

4. The TRO enjoined Defendants from:

(1) Advertising, promoting, offering for sale, or providing in any manner any goods or services in connection with or bearing the name, image, or likeness of Plaintiff;

(2) Representing or suggesting in any fashion to any third party that Defendants' services are affiliated with, sponsored by, or otherwise connected with Plaintiff;

(3) Doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers into the belief that Defendants' products are authorized, sponsored, licensed, endorsed, promoted, or condoned by Plaintiff, or are otherwise affiliated with or connected to Plaintiff; and

(4) Otherwise competing unfairly with Plaintiff or violating Plaintiff's right of publicity.

(DE [9] at 5).

5. Defendants have yet to take any action or appear in this matter. Indeed, despite adequate notice, Defendants did not respond to the Motion, and failed to appear at the preliminary injunction hearing. *See* (DE [14]).

6. The Court granted Plaintiff's request for a preliminary injunction at the hearing held on October 8, 2024, but the Court's written order has not yet been entered. *See* (DE [14]).

7. On October 7, 2024, Plaintiff moved for entry of Clerk's Default, pursuant to Rule 55(a), (DE [11]), and, the Clerk, in turn, entered default against Defendants. (DE [12]).

8. On October 25, Plaintiff moved for Final Default Judgment, seeking monetary damages, attorneys' fees, and a permanent injunction, which remains pending. (DE [15]).

9. On November 15, 2024, Plaintiff discovered that Defendants have created additional social media pages with similar names to the original—including "Gothydrowater Bottle" and "Gothydrowater.bottle" (the "New Accounts")—from which they continue to make

2

BERGER SINGERMAN

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

posts and run advertisements featuring Plaintiff's name, image, and likeness. The New Accounts direct users to Defendants' website, www.gothydrowater.com. Examples of Defendants' new unlawful advertisements are attached as **Exhibit 1**.

10. The Meta Ad Library for the New Accounts shows that, from October 16, 2024, to November 12, 2024, Defendants have posted forty-one (41) advertisements featuring Plaintiff's name, image, and likeness without Plaintiff's prior authorization or consent.[1] Defendants' Meta Ad Library is attached as **Exhibit 2**.

11. Defendants' conduct willfully violates this Court's injunction and justifies a finding of civil contempt.

## MEMORANDUM OF LAW

### I. LEGAL STANDARD

"Contempt of court is the disregard of judicial authority" and "[t]he court's power to enforce compliance with its lawful orders is inherent." *Popular Bank of Fla. v. Banco Popular de Puerto Rico*, 180 F.R.D. 461, 465 (S.D. Fla. 1998). "[I]njunctions are enforced through the district court's civil contempt power." *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010) (citing *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 n.23 (11th Cir. 2005)). To establish civil contempt, Plaintiff must show by clear and convincing evidence that: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002). "If the court deems the violation of an injunction willful, it has broad discretion to impose any order of contempt that it deems appropriate,"

---

[1] Many of Defendants' advertisements feature an innocuous thumbnail but either transition to a clip of Plaintiff, include a voiceover of Plaintiff over generic footage, or both.

including the imposition of additional fines. *See Developers Sur. & Indem. Co. v. Bi-Tech Constr., Inc.*¸ 979 F. Supp. 2d 1307, 1320 (S.D. Fla. 2013) (compiling cases); *Banco Popular*, 180 F.R.D. at 466 ("The Court hereby finds the defendants in contempt. Based on the defendants' violations, the Court orders the defendants to compensate the plaintiff for its losses caused by the defendants' violation of the preliminary injunction.").

## II.   ARGUMENT

This case presents a straightforward application of the Court's authority to exercise its civil contempt power. First, Defendants have clearly violated the TRO (and forthcoming preliminary injunction) by, following its imposition, running mass advertisements on the New Accounts that feature Plaintiff's name, image, and likeness. (*See generally* Ex. 1; Ex. 2). The TRO was valid and lawful, as it was entered with actual notice to Defendants, was wholly unopposed, and detailed its contents and scope. *See* Fed. R. Civ. P. 65(a), (d). The TRO's terms also are clear and unambiguous, as it declares in plain language what Defendants cannot do, namely, "[a]dvertising . . . any goods or services in connection with or bearing the name, image, or likeness of Plaintiff." (DE [9] at 5).

Additionally, Defendants can comply with the TRO, as they are free to advertise or promote their hydrogen water products so long as they do not use Plaintiff's name, image, and likeness for commercial purposes without his prior authorization or consent. In fact, Defendants' Meta Ad Library includes many advertisements that do not feature Plaintiff's name, image, and likeness. Defendants have no lawful excuse for noncompliance. And given that Defendants began running the advertisements on the New Accounts the week after and with actual notice of the TRO, Defendants' conduct is a transparent attempt to circumvent this Court's authority. Such willful misconduct cannot go unpunished. *See Bi-Tech Constr., Inc.*¸ 979 F. Supp. 2d at 1320.

4

BERGER SINGERMAN

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

Accordingly, clear and convincing evidence demonstrates that Defendants willful misconduct justifies a finding of civil contempt. *See Riccard*, 307 F.3d at 1296. Consequently, the Court should hold Defendants in contempt and impose additional fines as a sanction.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order finding Defendants in contempt; awarding as a sanction additional compensatory and punitive damages for Defendants' ongoing and willful unauthorized use of Plaintiffs' name, image, and likeness, and all claims derived therefrom; and entering other relief this Court deems appropriate.

Dated: November 18, 2024

Respectfully submitted,

**BERGER SINGERMAN LLP**
*Attorneys for Plaintiff, Gary Brecka*
201 East Las Olas Boulevard, Ste 1500
Fort Lauderdale, Florida 33301
Main: (954) 525-9900
Facsimile: (954) 523-2872

By: *s/ Geoffrey Lottenberg*
Geoffrey Lottenberg
Florida Bar No. 56240
glottenberg@bergersingerman.com
Perry Hicks
Florida Bar No. 1050892
drt@bergersingerman.com

5

**BERGER SINGERMAN**

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
*t:* (954) 525-9900 | *f:* (954) 523-2872 | WWW.BERGERSINGERMAN.COM