UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61645-CIV-SINGHAL

GARY BRECKA, an individual,

    Plaintiff,

v.

THE INDIVIDUALS, ENTITIES, and
UNINCORPORATED ASSOCIATIONS
D/B/A GOT HYDRO WATER BOTTLE,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the Court on Plaintiff's Motion for Final Default Judgment ("Default Judgment Motion") (DE [15]). For the reasons discussed below, the Court grants Plaintiffs' Default Judgment Motion in part.

"Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the Clerk of Court must enter a clerk's default against the defendant. Second, when the requirements for a clerk-entered default judgment cannot be met under Rule 55(b)(1), the plaintiff must apply to the court for a default judgment under Rule 55(b)(2)." *Cleveland v. JH Portfolio Debt Equities, LLC*, 2020 WL 8167356, at *2 (S.D. Ala. Nov. 23, 2020), *report and recommendation adopted*, 2021 WL 136287 (S.D. Ala. Jan. 13, 2021).

A "defendant's default alone does not warrant the entry of a default judgment." *Id.* (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] default is not treated as an absolute confession by the defendant of his liability and

of the plaintiff's right to recover.")). "Rather, a court must ensure there is a sufficient basis in the pleadings for the judgment to be entered." *Id.* "Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quotation omitted). The Eleventh Circuit has stated that a default judgment may only be entered where the Complaint is sufficient to withstand a motion to dismiss. *Id.* ("Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim.").

On October 7, 2024, the Clerk entered a default against Defendants ("Clerk's Entry of Default") (DE [12]) for failure to respond to the Complaint or otherwise appear in this action. On October 25, 2024, Plaintiffs filed the Default Judgment Motion (DE [15]). Defendants subsequently failed to move to set aside the Clerk's Entry of Default or otherwise respond to the Default Judgment Motion.

The pleaded allegations of the Amended Complaint are admitted by virtue of Defendants' default. The Court finds that Plaintiffs' Complaint (DE [1]) adequately states a claim for federal unfair competition and false endorsement, violation of Florida's statutory right of publicity, common law invasion of privacy, and common law unfair competition, pursuant to 15 U.S.C. § 1125(a), Fla. Stat. § 540.08, and Florida's common law. Default judgment against the defaulting Defendants is appropriate as to liability.

Nevertheless, questions remain on the issue of damages. In the Default Judgment Motion, Plaintiff submits for $700,000 in compensatory damages; no less than $2,100,000 in punitive damages, and $17,081.50 in attorneys' fees—for a total award of $2,817,081.50. Yet, as Plaintiff notes, he possesses "no tangible information concerning

the extent to which Defendants profited from the unauthorized use of Plaintiff's name, image, and likeness." <u>Default Judgment Motion</u> at p. 12. The Court has great discretion when awarding damages, and Plaintiff's calculations are not sufficient for making the appropriate determinations.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Final Default Judgment (DE [15]) is **GRANTED in part and DENIED in part**. The Motion is granted as to liability but denied with respect to damages. The parties are instructed to file a joint report by **December 27, 2024**, advising this Court whether they intend to proceed with a bench trial or an evidentiary hearing as to the issues of damages only.

Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all discovery matters are referred to Judge Jared M. Strauss. Furthermore, pursuant to 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Judge Jared M. Strauss. The deadline for submitting consent is **December 27, 2024.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 11th day of December 2024.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF